UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINA L. DEMOUY, WIFE OF/AND KEITH DEMOUY | CIVIL ACTION |
| VERSUS | NO. 06-9629 |
| ALLSTATE INSURANCE COMPANY, SCOTT MANAGEMENT TEAM, INC. AND 1ST PALM FINANCIAL SERVICES | SECTION: "C" (2) |

ORDER AND REASONS

Before the Court is a Motion to Vacate Dismissal Pursuant to Federal Rule of Civil Procedure 4(m) filed by the plaintiffs, Regina L. Demouy and Keith Demouy ("Plaintiffs") (Rec. Doc. 8). None of the defendants have filed an opposition to the motion.[1] The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **GRANTED**.

---

[1] Local Rule 7.5 requires oppositions to motions to be filed no later than eight calender days prior to the noticed hearing date. This motion is noticed for hearing on April 18, 2007. Therefore, any opposition was due on April 10, 2007.

**I. BACKGROUND**

Plaintiffs owned the property located at 14711 Beekman Road, New Orleans Louisiana 70128. They claim that they obtained "flood insurance" from Allstate Insurance Company ("Allstate") through Scott Management Team, Inc. ("Scott"). Plaintiffs assert that they paid 1st Palm Financial Services ("1st Palm"), the mortgagee, the flood premiums along with their mortgage premiums, with the understanding that the flood premiums would be forwarded to Allstate.

Plaintiffs' property sustained flood damage as a result of Hurricane Katrina. When they tried to make a claim on their flood policy, they were informed that they did not have one. As a result, Plaintiffs filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana. In their petition, the Plaintiffs allege that Scott is liable to them for breaching a fiduciary duty by "failing to inform, advise and warn" them that they did not have flood insurance. See, Rec. Doc. 1. They also allege that Allstate is vicariously liable for Scott's actions. Finally, they assert that 1st Palm is labile for its alleged failure to remit the insurance premiums to Allstate.

Allstate removed the action to this Court on November 6, 2006, alleging subject matter jurisdiction under various statutes. On March 2, 2007, this Court, by its own initiative, issued an order which stated that the case would be on the call docket for Wednesday, March 21, 2007 for Plaintiffs' failure to report the status or to show cause

why the case should remain on the docket as to Scott and 1st Palm.[2]  See, Rec. Doc. 5. Notice of the call docket was mailed to Plaintiffs' attorneys, Karen A. Comeaux and Darryl Harrison, at Bernard L. Charbonnet, Jr., Attorney at Law, 2140 Royal Street, New Orleans, Louisiana 70116.  Then on March 21, 2007, the Court called the case and it was dismissed as to Scott and 1st Palm pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiffs' failure to serve them within 120 days after filing the complaint.  See, Rec. Doc. 6.  Notice of this dismissal was again sent to Plaintiffs' attorneys at the address referenced above.

Plaintiffs now filed this Motion to Vacate the dismissal of Scott and 1st Palm.[3] Plaintiffs claim that they requested service on both Scott and 1st Palm in the Civil District Court before the case was removed.  They assert that 1st Palm was successfully served on October 2, 2006 by the sheriff of East Baton Rouge Parish.  Plaintiffs attach the

---

[2] Federal Rule of Civil Procedure 4(m):
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause fo the failure the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

[3] Plaintiffs apparently thought that Scott and 1st Palm moved to dismiss because they complain that they were not served "any notice of hearing for the motion to dismiss." See, Rec. Doc. 8.  However, as stated above, the Court placed the matter on the call docket, there was no motion.  Furthermore, the Court's records indicate that Plaintiffs' counsel received notice of the call docket setting.

sheriff's return of service as evidence. Plaintiffs also claim that they tried to serve Scott on October 6, 2006, at the address provided in its March 2006 and October 2006 annual reports to the Louisiana Secretary of State, but the Orleans Parish Sheriff was unable to do so because the building was closed and had not reopened. Accordingly, they argue that 1st Palm and Scott should be reinstated as defendants and that a special process server should be appointed to serve Scott.

## II. ANALYSIS

Essentially Plaintiffs have filed a motion to reconsider. The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See, *Id.* The Court made the call docket ruling on March 21, 2007. Plaintiffs filed their motion on March 30, 2007, within 10 days after the Court's ruling.

Therefore, Rule 59(e) governs Plaintiffs' motion.[4] In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds,* 199 F.3d 263

---

[4] The Court notes that Plaintiffs cite Rule 60(b) as the law governing their motion. See, Rec. Doc. 8. However, as shown by the cited cases, the motion is more properly considered under Rule 59(e).

(5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Plaintiffs claim that this court needs to correct a clear and manifest error of fact. They have shown that 1st Palm was properly served when the case was in the state court on September 27, 2006.  See, Rec. Doc. 8.  Furthermore, the Plaintiffs have shown that they have attempted service on Scott at its last registered address for service. See, Rec. Doc. 8.  In light of this evidence, the Court finds that it is appropriate to vacate the dismissal as to 1st Palm and Scott.[5]

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Plaintiffs' motion is **GRANTED** as to 1st Palm and Scott.

IT IS FURTHER ORDERED that 1st Palm and Scott are hereby reinstated as

---

[5] The Court notes that the Plaintiffs mention that they would like a special process server to serve Scott.  Federal Rule of Civil Procedure 4(c)(2) states that "the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose."  If the Plaintiffs would like a special process server, they must make a proper motion to have one appointed. However, the plaintiffs should keep in mind that such appointment is mandatory only when the plaintiff is either proceeding in forma pauperis or as a seaman.  FED. R. CIV. PRO. 4(c)(2).

defendants.

   New Orleans, Louisiana this 18th day of April, 2007.

                                             _____
                                             HELEN G. BERRIGAN
                                             UNITED STATES DISTRICT JUDGE