**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REGINA L. DEMOUY ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9629** |
| **ALLSTATE INSURANCE COMPANY ET AL** | **SECTION "C"(2)** |

## ORDER AND REASONS

Before the Court is the motion for summary judgment filed by defendant, Allstate Insurance Company ("Allstate"). Rec. Doc. 40. Plaintiffs, Regina and Keith Demouy, oppose the motion. Rec. Doc. 47. Having reviewed the memoranda, record, and the law, the Court finds that the motion should be GRANTED for the following reasons.

I. Background

Plaintiffs brought this suit for damages allegedly incurred to their property, located at 14711 Beekman Road, New Orleans, as a result of Hurricane Katrina. They claim that defendants Scott Management Team ("Scott"), and its employee Lorraine B. Scott, individually and d/b/a Premier Service Agency ("Premier"), purportedly procured for plaintiffs a policy of insurance providing flood coverage through defendant Allstate. Rec. Docs. 1-3; 32. In addition, plaintiffs allege that defendant 1st Palm Financial ("1st Palm") allegedly escrowed both a homeowner's and flood policy for the plaintiffs, and that 1st Palm either failed to send

1

the escrow payments for flood insurance to Allstate, or that Allstate failed to apply the payments properly to plaintiffs' policies.

Allstate issued to plaintiffs a homeowners insurance policy, number 015306004, which was in full force and effect on August 29, 2005, when Hurricane Katrina struck, and paid plaintiffs $30,107 to plaintiffs under this policy. *See* Rec. Doc. 40-5, Affidavit of Jason Raske. Allstate is also a Write-Your-Own ("WYO") carrier under the National Flood Insurance Program ("NFIP"). Allstate states that it never received an application from plaintiffs or anyone else on their behalf for a Standard Flood Insurance Policy ("SFIP") for the Beekman Road property, nor did it ever receive any premium payments from the plaintiffs or 1st Palm, for an SFIP for the subject property, nor did it issue an SFIP for that property. *Id.*; Rec. Doc. 40-3, ¶¶ 3-4, 6. No SFIP was in effect for plaintiffs' Beekman Road property on August 29, 2005. *Id.*; Rec. Doc. 40-3, ¶ 7.

Plaintiffs claim that Scott, Premier, and Lorraine B. Scott, held themselves out as agents for Allstate, as evidenced by business cards, letterhead and communications, and office signs. Rec. Doc. 43-5, Affidavit of Regina and Keith Demouy. Plaintiffs claim that they were led to believe these defendants were acting as agents for Allstate, that they purchased both homeowner's and flood insurance policies from them for years, and that they tendered flood insurance premium payments for the Beekman Road property to Scott, Premier, and Lorraine B. Scott for years for this coverage prior to the damage caused by Hurricanes Rita and Katrina. *Id.* They further claim that they completed an application for flood insurance coverage, and that despite tendering payments for premiums for flood insurance, they were never informed, advised, or warned that they did not have a flood insurance policy. *Id.*

II.  Discussion

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Allstate contends that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law on the following legal issues:

1. Allstate did not issue a Standard Flood Insurance Policy to the plaintiffs for the subject property. As such, the plaintiffs have no privity of contract with Allstate, and therefore fail to state a claim for which this Court can grant relief.

2. Under federal law, the WYO carrier Allstate is the fiscal agent of the United States. The duly licensed insurance agents ("Agent Defendants") act for the insured pursuant to 44 C.F.R. § 61.5(e). Thus, the alleged negligence of the Agent Defendants can not be imputed to the WYO carrier Allstate.

3. Plaintiffs' derivative claims alleging bad faith in the handling of the plaintiffs' claims and seeking statutory penalties and jurisprudential penalties are barred and/or preempted by federal law.

As noted above, Allstate is a WYO carrier under the National Flood Insurance Program ("NFIP"). As such it is authorized to issue flood polices pursuant to a codified arrangement with the Federal Emergency Management Agency ("FEMA"). 44 C.F.R. Pt. 62, App. A. The flood policy, or SFIP, is codified at 44 C.F.R. Part 61, App. A(1). A WYO company is directly responsible for the "adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the [SFIP]." 44 C.F.R. § 62.23(d). A WYO company acts as a fiscal agent of the United States, 42 U.S.C. § 4071; *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998), but not as its general agent, and is solely responsible for its obligations to its insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator. 44 C.F.R. § 62.23(g). Any payments for a flood claim under an SFIP are paid with U.S. Treasury Funds. *See* 44 C.F.R. Pt. 62, App. A, Arts. II and III. According to Allstate, it does not sell policies of flood insurance except for SFIPs pursuant to the NFIP. Rec. Doc. 40-4 at 12; 40-5 at ¶ 10.

A WYO company like Allstate is prohibited from altering, waiving, or amending the terms of the SFIP without the express written consent of the Federal Insurance Administrator.

44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.  Plaintiffs claim that they "completed an application" for flood insurance, and tendered payments to Scott, Premier, and Lorraine B. Scott.  Rec. Doc. 47-2.  Allstate claims it never received an application, or any premium payment, from plaintiffs.  Rec. Doc. 40-3; 40-5 at ¶ 3-6.  Plaintiffs do not point to any evidence, or even directly claim, that Allstate itself received an application or premium payments for an SFIP for the Beekman Road property.  In order for a WYO to issue an SFIP, the NFIP requires that, in cases such as this:

> Where the initial purchase of flood insurance is in connection with the making, increasing, extension, or renewal of a loan, the coverage with respect to the property which is the subject of the loan shall be effective as of the time of the loan closing, provided the written request for the coverage is received by the NFIP and the flood insurance policy is applied for and the presentment of payment of premium is made at or prior to the loan closing.

44 C.F.R. § 66.1(b).  As no payment of premium was presented to Allstate, no coverage under an SFIP was established.

Plaintiffs do not dispute that Allstate did not actually issue them an SFIP for the Beekman Road property.   Plaintiffs claim, and attest in their affidavit, that Scott, Premier, and Lorraine B. Scott held themselves out as agents of Allstate, argue that they were agents, and that Allstate is thus vicariously liable for the acts and/or omissions of their agents in marketing, soliciting and selling them a flood insurance policy.  However, plaintiffs nowhere claim, let alone point to any evidence, that any of the defendants affirmatively held themselves out as agents of Allstate as a WYO carrier with the knowledge or approval of Allstate.

Plaintiffs' response to the instant motion indicates that all of their claims against Allstate are based on the theory that Scott Management Team, Premier Service Agency, and/or Lorraine B. Scott acted as agents for Allstate, and that Allstate is vicariously or jointly and solidarily

5

liable for damages incurred by the plaintiffs for the actions of these defendants, who purportedly took an application and payments for flood insurance from the plaintiffs. However, by federal statute, Allstate acts as the fiscal agent of the United States. 42 U.S.C. § 4071. Under the NFIP, a duly licensed insurance agent, on the other hand, "acts for the insured and does not act as agent for the Federal Government, the Federal Emergency Management Agency, or the servicing agent." 44 C.F.R. § 61.5(e).  Allstate, as a WYO carrier, can not be held liable for the acts or omissions of Scott, Premier, or Lorraine B. Scott on the evidence that exists in this record. The Court notes that the case cited by plaintiffs, in which this Court stated that "[u]nder Louisiana law, an insurance agent and an insurance broker have a fiduciary duty to the insured as well as the insurer," did not involve a WYO-issued flood insurance policy and the unique situation presented by flood insurance under the NFIP. *Gardner v. State Farm Mutual Insurance Co.*, 2004 WL 1488668, *2 (E.D.La. 2004) (Berrigan, J.).

The Court does recognize the potential for confusion and inequities present in a legal regime under which insurance agents act as the agents of the insurance company for homeowner's policies, but then turn around to act as the agents of the purchasers of a flood policy for what may be the same property (all the while working out of the same office, with the same business cards and insurance company signs overhead). However, the law is clear, and Allstate is entitled to judgment as a matter of law on all claims against it relating to the alleged flood insurance policy.

Finally, the Court agrees that the law is clear that plaintiffs may not recover pursuant to Louisiana state law for any extra-contractual claims against Allstate in its capacity as a WYO program carrier. *Paulsen v. State Farm Ins. Co.*, 2008 WL 417738, *4 n.33 (E.D.La. 2008) (Affrick, J.); *Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007).  Thus all such claims

must be dismissed as a matter of law.

Accordingly,

IT IS ORDERED that summary judgment be and is hereby GRANTED on all claims against Allstate relating to the alleged flood insurance policy.

New Orleans, Louisiana, this 11th day of August, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE