UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMOUY ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-9629** |
| **ALLSTATE INSURANCE COMPANY ET AL.** | **SECTION: "C" (2)** |

**ORDER AND REASONS**

Before the Court is defendant Lorraine Brandon Scott's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. 85.) Plaintiffs oppose. (Rec. Doc. 86.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by parties, the record in this case and the applicable law, the Court DISMISSES defendant's motion without prejudice for the following reasons.

**I. BACKGROUND**

Plaintiffs are seeking compensation for damages sustained during Hurricane Katrina. Plaintiffs believed at the time that they were insured against flood damages through a policy issued by Allstate and procured through the Scott Management Team. Defendant Allstate denied plaintiffs' claim for damages arguing that at the time of Hurricane Katrina, plaintiffs did not have a viable flood insurance policy.

Plaintiffs filed suit in Orleans District Court in August 2006 and the matter was subsequently removed to this Court in November 2006. (Rec. Doc. 1.) Lorraine Brandon Scott

was first named as a defendant in June 2007 in plaintiffs' First Amended Complaint. (Rec. Doc. 32.) Plaintiffs allege defendant Scott "breached their fiduciary duty unto Plaintiffs by failing to inform, advise and warn your petitioners that they did not have a flood insurance policy." (Rec. Doc. 32.)

Defendant argues that plaintiffs' claim against defendant Scott is prescribed by statute. Plaintiff argues that 1) the legislative one-year extension for insurance actions resulting from Hurricanes Katrina and Rita applies and 2) that defendant's motion is untimely and should be dismissed.

## II. LAW AND ANALYSIS

As defendant Scott filed her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) after filing an answer to plaintiffs' complaint, Scott's motion shall be treated as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See e.g., Waldmann v. Scottsdale Ins. Co.*, 2008 WL 2967626, 1 (E.D.La. 2008). The standard for a Rule 12(c) motion is the same as under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Whitter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

Plaintiffs claim that the Louisiana Legislature extended the one-year prescriptive deadline in enacting Act 802, codified as La. R.S. 22:1894 (formerly La. R.S. 22:658.3). Under

La. R.S. 22:1894:

> A. Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless a greater time period to file such claim is otherwise provided by law or by contract.

La. R.S. 22:1894. Plaintiffs' claim against defendant Scott, however, arises under a different Title, namely, La. R.S. 9:5606. Moreover, the extension applies to actions against insurers and not necessarily against their agents. Indeed, several courts have considered the interaction between La. R.S. 9:5606 and the legislative extension under Act 802 and concluded that the extension does not apply. *See e.g.*, *Smith v. Lexington Ins. Co.*, 2007 WL 4374229, (E.D.La. 2007); *Robb v. Allstate Ins. Co.*, 2007 WL 4348308, (E.D.La. 2007); *Urban Planning and Innovations, Inc. v. Alexander & Sanders Ins.*, 2008 WL 191328 (E.D.La. 2008.)

As the extension does not apply, any claim by plaintiffs against defendant Lorraine Scott should have been filed no later than one year after the date of discovery of "of the alleged act, omission, or neglect" by the insurance agent. *See* La. R.S. 9:5606. Defendant, without any supporting evidence, claims that the prescriptive period began to run shortly after Hurricane Katrina when plaintiffs first attempted to make a claim under the policy. Nothing in the record indicates when plaintiffs had constructive or actual knowledge of the agent's alleged act. Construing the facts in favor of the plaintiffs, as this Court must, it is possible that plaintiffs would still come within the peremptive period, even with the initial naming of Lorraine Brandon

Scott as defendant in June 2007.[1]

III.   CONCLUSION

Accordingly,

IT IS ORDERED that defendant Lorraine Brandon Scott's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is DISMISSED WITHOUT PREJUDICE to re-urging upon filing of additional supporting evidence.

New Orleans, Louisiana, this 20th day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] As the Court concludes that it lacks the necessary information to conclude when the peremptive period began to run, it is unnecessary for this Court to address whether or not the amended complaint relates back to the filing of the initial complaint.